UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEX MONETTE,

      Petitioner,

      v.

NICK DAWSON, Warden,

      Respondent.
_____/

No. C 08-2880 PJH

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

      On May 7, 2010, the Ninth Circuit remanded the appeal in the above case to this court to determine whether the petitioner, Alex Monette, is entitled to a certificate of appealability ("COA") in conjunction with its recent decision in *Hayward v. Marshall*, 2010 WL 1664977 at *5 (9th Cir. 2010). Presumably relying on the May 22, 2009 notice of appeal filed by Monette, who is represented by counsel, in which Monette asserted that a COA was not necessary because the appeal "concerns parole board action," the Ninth Circuit assumed the appeal involves an administrative decision to deny parole. That, however, is not the case.

      Monette was in prison at the time that he committed the crime giving rise to the conviction at issue in the instant habeas petition. While the underlying circumstances and conduct described in the habeas petition also gave rise to a prison rules violation and to adverse action by the parole board, it was actually his conviction on one count of being in possession of a controlled substance in prison in the Monterey County Superior Court that Monette challenged in his habeas petition. The underlying facts are set forth in detail in the

court's April 28, 2009 order granting respondent's motion to dismiss. In that order, the court noted that Monette's petition raises two claims for federal habeas relief: (1) that he received ineffective assistance of counsel and would not have entered into his plea agreement had he received competent advice; and (2) that his plea agreement violated his right to due process. The court, however, did not reach the merits of Monette's petition but instead granted respondent's motion and dismissed the petition as untimely.

To obtain a COA, Monette must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard. Here, the court finds that one issue meets the above standard and accordingly GRANTS the COA as to that issue. *See generally Miller-El v. Cockrell*, 537 U.S. 322 (2003).

That issue is:

(1) whether AEDPA's statute of limitations in Monette's case was tolled under 28 U.S.C. § 2244(d)(1)(D) because Monette was unable to determine the factual predicate of his claims until the parole board's decision became final on July 6, 2006.

Accordingly, the clerk shall forward the file, including a copy of this order, to the Court of Appeals. *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: May, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

2